## Logrippo v. Mirabile

*S. Thomas Bulfamonte* and *Alphonso Santangelo*, for plaintiffs.

*Robert W. Tredinnick*, for defendant.

KNIGHT, P. J., January 19, 1955.—To understand the question before us, some recital of the background of the case is necessary. Plaintiffs are the landlords and defendant the tenant of certain premises on East Main Street, Norristown. Plaintiffs, some 12 years ago, leased a portion of their buildings and land to defendant. Both parties were in business and through their intelligence and industry the business of each prospered greatly. From time to time defendant leased additional space from plaintiffs. In June of 1952, the parties entered into a written lease to be effective July 1, 1952, for the premises here in controversy. This lease was for the term of three years with an option to the lessee to renew for seven years.

In the fall of 1954 plaintiffs began to construct a building on their land. Defendant, alleging that the building interfered with a right-of-way, or easement, granted him in the lease, filed a complaint in equity asking that the proposed construction be restrained. After hearing the chancellor awarded a preliminary injunction and required defendant to enter a bond with surety in the sum of $3,000 to protect the lessors, defendants in the equity proceeding, from loss. Plaintiffs, alleging that defendant had violated a covenant of the lease, entered judgment in ejectment by virtue of the confession in the lease and caused to be issued a writ of habere facias possessionem. Defendant then filed a petition to open the judgment and let defendant into a defense. To the rule allowed on the petition plaintiffs filed an answer in which they demanded that defendant enter a surety bond in the sum of $10,000 to protect plaintiffs from loss during the pendency of the proceeding.

The judge before whom the rule to open the judgment was returnable, being uncertain whether defendant could be required to enter surety as demanded, and if so, what the amount of the bond should be, entered of his own motion a rule on defendant to show cause why a surety bond should not be entered. A hearing was held and both parties have submitted briefs.

It is the long established practice in this court when an answer is filed to a petition to open a judgment to order the case on the argument list. We would have done this in the present case if the demand had not been made for a surety bond. The hearing judge, however, was of the opinion that the matter of the surety bond should be decided before the case was argued. Counsel for plaintiffs, however, in their brief have gone far beyond the narrow question of the surety bond and have injected an entirely new element into the case by contending that under the terms of the lease defendant has waived the right to a rule to open the judgment and to a stay of execution. This does not concern a small detail in building of the case but attacks the very foundation on which the case rests. Whether this issue is properly raised at this time we do not decide, but what we do decide is that it is not the province of one judge to decide it if properly raised.

Without citing authority we believe from our investigation of the law that it is within the discretion of the court to require a surety bond in this case. The bond should be moderate for several reasons: First, defendant is of sufficient means to respond in damages to any amount plaintiffs may be legally entitled to; second, the bond in the equity case in effect covers plaintiffs, for if defendant is unlawfully in the premises of plaintiffs the preliminary injunction falls and in our opinion all damages sustained by plaintiffs after

the legal termination of the lease could be recovered under that bond and, third, any very large amount of damages claimed would be speculative. We think a bond of $2,500 would be sufficient at this time and a bond this defendant will have no trouble in furnishing.

The difficulty in this case is caused by the success of both parties, something for which they should be applauded and neither condemned. So long as their businesses were small they remained friendly and had no trouble in getting along. It was when their enterprises grew and expanded they began to get in each other's way and trouble ensued. There seems to be little or no doubt that the lease is a valuable asset to defendant's business or that the lease and the claims made under it interferes with the economical and efficient conduct of plaintiffs' business. We do not believe that defendant's incorporation of his business and the sale to the corporation of the assets of the business inflicts any substantial injury upon plaintiffs, but we rather think plaintiffs intend to avail themselves of every technical means to get rid of the lease which is their right. The order we are making is based on the understanding and condition that defendant will continue to pay to plaintiffs the sum reserved in the lease as rent, not necessarily as rent, but as compensation for the use and occupancy of the premises during the pendency of these proceedings. These payments to be made and received without prejudice to the right of either party.

And now, January 19, 1955, the rule is made absolute and the amount of the bond fixed at $2,500. The rule to show cause why the judgment should not be opened and the stay of execution continued during the pendency of these proceedings is ordered on the argument list.